**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **JANET WASHBURN** | § | |
| | § | |
| **v.** | § | **A-07-CA-116 LY** |
| | § | |
| **STATE OF TEXAS, TEXAS COMMISSION ON ENVIRONMENTAL QUALITY, STEVE GOODSON, AND DIANE SMITH** | § § § § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

The Magistrate Court submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is Defendants' Motion to Dismiss filed August 16, 2007 (Clerk's Doc. No. 17). On December 18, 2007, Judge Yeakel referred this motion to the Court for a Report and Recommendation.

## I. Background

When ruling on a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the Court accepts all well-pleaded facts within the complaint as true, and views those facts in a light most favorable to the Plaintiff. *Lowe v. Hearst Communs., Inc.*, 487 F.3d 246, 250 (5th Cir. 2007). Therefore, the recitation of the facts largely tracks Plaintiff's complaint.

Plaintiff was hired in April 2004 by the Texas Commission on Environmental Quality (TCEQ), a state agency, as a contract manager on an emissions reduction program. A few months

later, Plaintiff was diagnosed with breast cancer. Plaintiff's supervisor at the time, Ms. Murphy, allowed Plaintiff to work from home three days a week while she underwent treatment for the cancer. In March 2005, Murphy left TCEQ and was replaced by Diane Smith, who became Plaintiff's supervisor. Smith promptly revoked Plaintiff's permission to work from home. Smith also reassigned Plaintiff to "Senior Auditor" position (a lateral move), but provided Plaintiff with no training in her new position even though she requested it. Instead of allowing her to work from home, Smith told her that she could use her accrued vacation time or cut back on her hours (which would concomitantly reduce her pay). Plaintiff contends that male employees undergoing similar medical issues had been allowed reasonable accommodations that she was denied.

Given her lack of training, Plaintiff was not able to perform her role as "Senior Auditor" in a competent fashion and Smith gave her a poor performance evaluation in January 2006. On February 23, 2006, Plaintiff was fired by Steve Goodson, ostensibly because she was not performing adequately at her job. Plaintiff later filed this lawsuit against the State of Texas, TCEQ, Goodson, and Smith. Defendants' filed this motion to dismiss.

**II. 12(b)(6) Motion to Dismiss**

**A. Standard of Review**

When ruling on a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the Court accepts all well-pleaded facts within the complaint as true, and views those facts in a light most favorable to the Plaintiff. *Muhammad v. Dallas County Community Supervision & Corr. Dep't*, 479 F.3d 377, 379 (5th Cir. 2007). The issue is not whether is not whether Plaintiff will ultimately prevail, but whether Plaintiff is entitled to offer evidence to support her claim. *Id.* Thus, the Court will dismiss only if the Court concludes that Plaintiff "would not be entitled to relief

under any set of facts or any possible theory that [she] could prove consistent with the allegations in the complaint." *Id.*

**B. Title VII: Failure to Exhaust Administrative Remedies**

According to her Amended Complaint, Plaintiff is pursuing a Title VII cause of action against Defendants. Filing an EEOC charge is a mandatory prerequisite of a Title VII lawsuit. *See* 42 U.S.C. § 2000e-5(F)(1); *Tolbert v. United States*, 916 F.2d 245, 247-48 (5th Cir. 1990). Consequently, in a Title VII lawsuit the Fifth Circuit has limited the trial court's scope of inquiry to "those grounds of a Title VII complaint that were raised in the administrative process." *Anderson v. Lewis Rail Serv. Co.*, 868 F.2d 774, 775 (5th Cir. 1989). Court action cannot encompass facts or issues that do not relate to the subject matter of the EEOC charge. *Id.*

Here, Plaintiff's EEOC Charge of Discrimination only specified that she was complaining of discrimination based on her disability. Therefore, her Title VII claim is barred for failure to exhaust her administrative remedies. *See McCray v. DPC Industries, Inc.*, 942 F. Supp. 288, 294 (E.D. Tex. 1996) (failure to check retaliation box on EEOC Charge barred retaliation claim because plaintiff did not exhaust administrative remedies); *see also Teffera v. North Texas Tollway Authority*, 121 Fed. App'x 18 (5th Cir. 2004) (District Court correctly dismissed Title VII claim for failure to exhaust where plaintiff only checked the retaliation box on his pre-charge EEOC form and not on the EEOC charge form).

Accordingly, Defendants' Motion to Dismiss on Plaintiff's Title VII claim[1] should be GRANTED.

---

[1] Plaintiff's Age Discrimination in Employment Act claim (ADEA) is not pled in her amended pleading, therefore it is deemed abandoned.

**C. Texas Whistleblower Act**

Plaintiff maintains that the Texas Whistleblower Act's waiver of state sovereign immunity in Texas state court operates to waive Eleventh Amendment immunity in federal court. Even when a State consents to suit in its own courts, however, it may retain Eleventh Amendment immunity from suit in federal court. *See, e.g., Welch v. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 473-74; *Martinez v. Tex. Dept. of Criminal Justice*, 300 F.3d 567, 575-76 (5 th Cir. 2002). A State's consent to being sued in federal court must "be unequivocally expressed." *Pennhurst State School & Hosp. v . Halderman*, 465 U.S. 89, 99 (1984); *Port Auth. Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 305 (1990) (waiver must be "stated by the most express language or by such overwhelming implication from the text as [will] leave no room for any other reasonable construction" (internal quotation marks omitted; quoting *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 239-40 (1985))). Further, for a state statute to waive Eleventh Amendment immunity, "it must specify the State's intent to subject itself to suit in federal court." *Martinez*, 300 F.3d at 575.

The relevant provisions of the Texas Whistleblower Act, are §§ 554.0035 and 554.007. The first, related to sovereign immunity, states:

> A public employee who alleges a violation of this chapter may sue the employing state or local governmental entity for the relief provided by this chapter. Sovereign immunity is waived and abolished to the extent of liability for the relief allowed under the chapter for violation of this chapter.

TEX. GOV'T CODE ANN. § 554.0035 (Vernon Supp. 2001). Linked with this waiver is the Act's specifying that a public employee may sue "in a district court of the county in which the cause of action arises or in a district court of Travis County." *Id*. at § 554.007. As the Fifth Circuit held in *Martinez*,

> Neither section evidences any intent by Texas to waive its Eleventh Amendment immunity and subject itself to suit in federal courts. In other words, the Act waives state sovereign immunity only in Texas state courts. This is the only reasonable construction of the Act. We discern no unequivocal expression or overwhelming implication leaving "no room for any other reasonable construction" in the Texas Whistleblower Act.

300 F.3d at 575. Plaintiff's only response is to cite a 1991 Texas state appellate court decision holding that the Whistleblower Act should be construed broadly. *See* Plaintiff's Response at 2.

This Court is not at liberty to disregard a holding from a higher court that is on all fours with the facts of this case. Therefore, because this suit is in federal and not state court, this Court must recommend that Plaintiff's Texas Whistleblower claim be dismissed against the State of Texas and TCEQ. Along these same lines, the Court also "note[s] that the Whistleblowers Act does not provide a private cause of action against an individual supervisor or other employee of a governmental unit." *Stegemiller v. Wilson*, 15 F.3d 180 (5th Cir. 1994); *see also Texas Dep't of Human Servs. v. Hinds*, 860 S.W.2d 893, 897 (Tex.App. – El Paso 1993, writ requested); *Texas Dep't of Human Servs. v. Green*, 855 S.W.2d 136, 142-43 (Tex.App. – Austin 1993, writ requested). Given this, the Court recommends that the Texas Whistleblower Act claim against Goodson and Smith also be dismissed.

**D. ADA Claim**

Plaintiff also brings a claim under the Americans with Disabilities Act. As the Fifth Circuit explained in *Pace v. Bogalusa City School Board*, the core function of the Eleventh Amendment is to bar the authority of federal courts to litigate suits brought by citizens against the states. *See* 403 F.3d 272, 276 (5th Cir. 2005) (en banc). Although, by its express terms, the Eleventh Amendment bars only federal jurisdiction over suits brought against one State by citizens of another State or

foreign state, the Supreme Court has long held that it also precludes jurisdiction where, as here, a citizen brings suit against her own state in federal court. *See Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267-68 (1997) (citing *Hans v. Louisiana*, 134 U.S. 1 (1890)). Insofar as concerns her claims against the State and TCEQ, this cause of action should be dismissed because those entities enjoy Eleventh Amendment immunity. *See Bd. of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356 (2001); *Perez v. Region 20 Educ. Service Center*, 307 F.3d 318, 332 (5th Cir. 2002).

**1. Individual Capacity Suits Against Goodson and Smith**

The ADA claims against Goodson and Smith as individuals should also be dismissed because the ADA does not allow for individual liability. *See Kacher v. Houston Comm. College System*, 974 F. Supp 615, 619 (S.D. Tex. 1997) (individuals acting in their individual capacity who do not meet statutory definition of "employer" cannot be sued under the ADA); *Jenkins v. Board of Educ. of Houston Independent School Dist.*, 937 F. Supp. 608 (S.D. Tex. 1996) ("It is well settled in the Fifth Circuit that individual supervisors cannot be held personally liable under [the ADA], as they are not 'employers' as that term is defined [in the statute].").

**2. Official Capacity Suits Against Goodson and Smith**

The Eleventh Amendment does not bar ADA suits against state officials in their official capacities for injunctive relief. *McCarthy ex rel. Travis v. Hawkins*, 381 F.3d 407, 413-14 (5th Cir. 2004); *see also Phiffer v. Columbia River Corr. Inst.*, 384 F.3d 791, 791-92 (9th Cir.2004); *Miranda B. v. Kitzhaber*, 328 F.3d 1181, 1187-88 (9th Cir. 2003) (following "the Sixth, Seventh, and Eighth Circuits in holding that Title II's statutory language does not prohibit [the plaintiff's] injunctive

action against state officials in their official capacities.").[2] Moreover, Defendants only move to dismiss the claims against them in their individual capacity. *See* Defendant's Motion at 4 ("These *individual* Defendants must therefore be dismissed from these federal statutory causes of action."). Therefore, the ADA claim against Goodson and Smith in their official capacity should *not* be dismissed.

**E. Texas Labor Code**

Defendants State of Texas and TCEQ are immune from suit in federal court insofar as the Texas Labor Code claims are concerned. This is because this Court does not have subject matter jurisdiction over these claims as the state (and therefore its agencies) has not waived its Eleventh Amendment immunity or consented to suit in federal court. *See Sherwinski v. Peterson*, 98 F.3d 849, 851 (5th Cir. 1996); *Simpson v. Tex. Dept. of Crim. Justice*, 975 F. Supp. 921, 927 (E.D. Tex. 1997).

Likewise, the claims against Goodson and Smith as individuals must be dismissed because the Labor Code does not provide for liability for individual supervisors. That is, only employers are liable under the TCHRA[3]; therefore, supervisors and managers are not liable in their individual capacity for their alleged acts of discrimination. *Prather v. Utiliquest, L.L.C.*, 313 F. Supp.2d 666, 670 (S.D. Tex. 2004).; *see also Jenkins v. Guardian Indus. Corp.*, 16 S.W.3d 431, 439 (Tex.App. – Waco 2000, no pet.) (citing *DeMoranville v. Specialty Retailers, Inc.*, 909 S.W.2d 90 (Tex.App.

---

[2] Although Plaintiff's Amended Complaint – hardly a model of clarity – does not specify what portion of the ADA she is proceeding under, at this point the Court will assume that she intends to proceed under Title II.

[3] Its current incarnation is chapter 21 of the Labor Code. *See Tex. Parks & Wildlife Dept. v. Dearing*, ---- S.W.3d ----, 2007 WL 2214683 at *16 (Tex. App. – Austin, Aug. 3, 2007).

– Houston [14th Dist.] 1995), *rev'd in part on other grounds*, 933 S.W.2d 490 (Tex.1996)); *Benavides v. Moore*, 848 S.W.2d 190 (Tex.App. – Corpus Christi 1992, writ denied).

**F. Rehabilitation Act Claim**

The State does not brief this issue in their Motion or Reply, therefore these claims are not at issue in the present motion.

**G. Constitutional Claims**

Plaintiff also brings claims under §§ 1983 and 1985 alleging violations of her First Amendment free speech rights and the Fourteenth Amendment's equal protection guaranty.

**1. §§ 1983 and 1985 Claims Against the State and TCEQ**

It is well-established that state agencies, such as TCEQ, are not "persons" for § 1983 purposes. *See Hyatt v. Sewell*, 197 Fed. App'x 370 (5th Cir. 2006) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71(1989)). The same is obviously true of the State of Texas. *See Will*, 491 U.S. at 71. The same reasoning – that a state or its agencies are not persons – of course must apply to § 1985's conspiracy provision. *See Bond v. Franchise Tax Bd.*, 175 Fed App'x 822 (9th Cir. 2006) ("the defendant state agency is not a 'person' under 42 U.S.C. §§ 1983 or 1985," citing *Will*, 491 U.S. at 71); *see Small v. Chao*, 398 F.3d 894, 898 (7th Cir. 2005) (holding that plaintiff could not "assert a § 1983 action against [a state agency], for the simple reason that, as part of the State of Illinois, it is not a 'person' within the meaning of § 1983" and that "[a]ny possible claim under § 1985 is doomed for the same reason"); *Sturdza v. United Arab Emirates*, 281 F.3d 1287, 1307 (D.C. Cir. 2002) (explaining that a defendant which is not a "person" under § 1983 also is not a "person" under § 1985 because §§ 1983 and 1985 "are interpreted consistently with each other"); *Rode v. Dellarciprete*, 617 F. Supp. 721, 723 n. 2 (M.D. Pa.1985) (finding that "[u]nder §§ 1983 and

1985, the term 'persons' has the same meaning"); *Coggins v. McQueen*, 447 F. Supp. 960, 963-64 (D.C. Pa.1978) (concluding that "because of the common historical derivation of 42 U.S.C. §§ 1983, 1985 and 1986," an entity which is not a "person" under § 1983 also is not a "person" under §§ 1985 and 1986); *DaVinci v. Missouri*, No. 06-068-AS, 2006 WL 1515536, *3 (D.Or. May 30, 2006) (finding that "[a]s with the analysis regarding § 1983, plaintiffs invalidly brought claims under § 1985 against . . . state agencies, who are not "persons" described in this statute).

Defendant calls this proposition – that states and their agencies are not "persons" for §§ 1983 and 1985 purposes – "novel." *See* Plaintiff's Response at 5. Plaintiff is mistaken. The proposition is a well-established black-letter rule of law. Given this, Plaintiff's §§ 1983 and 1985 claims against the State of Texas and TCEQ should be dismissed.

**2. Official Capacity Claims Against Goodson and Smith**

The Supreme Court has held that "neither a state or persons acting in their official capacities are 'persons' under § 1983," though state officials in their official capacities, when sued for injunctive relief, are "persons" under § 1983. *Will v. Michigan State Dep't of Police*, 491 U.S. 58, 71 & n. 10 (1989); *see also Lapides v. Bd. of Regents of the Univ. Sys. of Georgia*, 535 U.S. 613, 617 (2002); *Stotter v. University of Texas at San Antonio*, 508 F.3d 812 (5th Cir. 2007).

Therefore, insofar as Defendants Goodson and Smith are being sued for anything other than injunctive relief, the claims against them in their official capacities should dismissed. Insofar as Plaintiff requests injunctive relief under § 1983, the claims against them in their official capacities should be retained.

3. **Individual Capacity Claims Against Goodson and Smith**

Defendants do not move for dismissal of the §§ 1983 and 1985 claims against them in their individual capacities, therefore these claims should not be dismissed.

## III. RECOMMENDATION

Based on the above, the Court **RECOMMENDS** that the District Court **GRANT IN PART, AND DENY IN PART** Defendant's Motion to Dismiss (Clerk's Doc. No. 17). The Court recommends that the motion to dismiss be **GRANTED** as to the following claims:

(1) the Title VII claim against all Defendants, without prejudice for failure to exhaust administrative remedies;

(2) the Texas Whistleblower Act claim against the State and TCEQ without prejudice on 11th Amendment immunity grounds, and with prejudice against Goodson and Smith as there can be no claim against an individual under the Act;

(3) the ADA claim against the State and TCEQ without prejudice on 11th Amendment immunity grounds; and with prejudice against Goodson and Smith in their individual capacities;

(4) the claim under the Texas Labor Code against the State and TCEQ without prejudice on 11th Amendment immunity grounds and with prejudice as to Goodson and Smith;

(5) the claims under §§ 1983 and 1985 against the State and TCEQ, and against Goodson and Smith in their official capacities for damages, with prejudice.

The undersigned **RECOMMENDS** that the motion be **DENIED** as to all other claims. If this Recommendation is adopted, the claims that would remain would be:

(1) the claim under the ADA against Goodson and Smith in their official capacities only, limited to injunctive relief;

(2) the claim under the Rehabilitation Act; and

(3) the claims under §§ 1983 and 1985 against Goodson and Smith in their official capacities for injunctive relief only, and in their individuals capacities for damages.

## IV. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 16th day of January, 2008.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE