**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **JANET WASHBURN** | § | |
| | § | |
| **v.** | § | **A-07-CA-116 LY** |
| | § | |
| **STATE OF TEXAS, ET AL.** | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
        UNITED STATES DISTRICT JUDGE

Before the Court are Defendants' Motion for Summary Judgment, filed on February 11, 2008 (Clerk's Doc. No. 45), Plaintiff Janet Washburn's Response in Opposition to Defendants' Motion for Summary Judgment, Objection to Defendants' Summary Judgment Evidence, and Assertion of Federal Rule of Civil Procedure 56(f) Affidavit for Allowance of Discovery Prior to This Court's Adjudication of Defendants' Motion for Summary Judgment, filed on March 24, 2008 (Clerk's Doc. No. 53), Plaintiff Janet Washburn's Motion to Deny or to Abate Adjudication of the Defendants Current Motion for Summary Judgment and for Leave of this Court to Allow Plaintiff to Conduct Discovery Prior to Any Adjudication of Defendants' Motion for Summary Judgment, filed on March 24, 2008 (Clerk's Doc. No. 54), Defendants' Response to Plaintiff Janet Washburn's Motion to Abate Adjudication of the Defendants' Current Motion for Summary Judgment and for Leave of this Court to Allow Plaintiff to Conduct Discovery Prior to Any Adjudication of Defendants' Motion for Summary Judgment, filed on April 4, 2008 (Clerk's Doc. No. 57), Defendants' Reply to Plaintiff Janet Washburn's Response in Opposition to Defendants' Motion for Summary Judgment, Objection to Defendants' Summary Judgment Evidence, and Assertion of Federal Rule of Civil Procedure 56(f) Affidavit for Allowance of Discovery Prior to This Court's Adjudication of Defendants' Motion for

Summary Judgment, filed on April 4, 2008 (Clerk's Doc. No. 59), Supplement to Defendants' Motion for Summary Judgment, filed on April 14, 2008 (Clerk's Doc. No. 62), Plaintiff Janet Washburn's Supplement to Her Response in Opposition to Defendants' Motion for Summary Judgment, filed on April 15, 2008 (Clerk's Doc. No. 63), Plaintiff Janet Washburn's Reply to Defendants' Response in Opposition to Plaintiff's Rule 56(f) Motion for Leave to Conduct Discovery Prior to Responding to Defendants' Motion for Summary Judgment, filed on April 16, 2008 (Clerk's Doc. No. 64), and Defendants' Objections to Plaintiff Janet Washburn's Amended Summary Judgment Evidence, filed on April 28, 2008 (Clerk's Doc. No. 65).

On April 9, 2008, the District Court referred this case to the undersigned Magistrate Judge for resolution or findings and recommendations, as appropriate, pursuant to 28 U.S.C. § 636(b)(1)(A) & (B), Federal Rule of Civil Procedure 72, and Rule 1(c) & (d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. After reviewing the parties' briefs, relevant law, as well as the entire case file, the undersigned issues the following Report and Recommendation to the District Court.

## I.  BACKGROUND

Plaintiff was hired in April 2004 by the Texas Commission on Environmental Quality (TCEQ), a state agency, as a contract manager on an emissions reduction program. A few months later, she was diagnosed with breast cancer. Plaintiff's supervisor at the time, Belinda Murphy, allowed Plaintiff to work from home three days a week while she underwent treatment for the cancer. In March 2005, Murphy left TCEQ and was replaced by Diane Smith, who became Plaintiff's supervisor. Smith promptly revoked Plaintiff's permission to work from home. Smith also reassigned

Plaintiff to a "Senior Auditor" position (a lateral move), but according to Plaintiff provided her with no training in her new position even though Plaintiff requested training.  Instead of allowing her to work from home, Smith told her that she could use her accrued vacation time or cut back on her hours (which would concomitantly reduce her pay).  Plaintiff contends that male employees undergoing similar medical issues had been allowed reasonable accommodations that she was denied.

Plaintiff was not able to perform her role as "Senior Auditor" in a competent fashion and Smith gave her a poor performance evaluation in January 2006.  On or about February 23, 2006, Plaintiff resigned just prior to being fired by Steve Goodson, ostensibly because she was not performing adequately at her job.  Plaintiff later filed this lawsuit against the State of Texas, TCEQ, Goodson, and Smith.  Following the filing of Defendants' Motion to Dismiss, all of Plaintiff's claims against Defendants were dismissed except the following: (1) Plaintiff's claims for injunctive relief under the Americans with Disabilities Act ("ADA") against Goodson and Smith in their official capacities; (2) Plaintiff's claims under the Rehabilitation Act; and (3) Plaintiff's claims under 42 U.S.C. §§ 1983 and 1985 for injunctive relief against Goodson and Smith in their official capacities, and for damages in their individual capacities.  *See* Order on Report and Recommendation, filed on February 5, 2008 (Clerk's Doc. No. 43).

Defendants seek summary judgment on Plaintiff's remaining claims.  They argue Plaintiff's ADA and Rehabilitation claims fail because she was not "disabled" and because she failed to respond to Defendants' summary judgment arguments.  Second, Defendants argue Plaintiff's § 1985 claims against Goodson and Smith should be dismissed pursuant to the intracorporate conspiracy doctrine. Specifically, Defendants contend the conspiracy alleged by Plaintiff cannot exist as a matter of law because the two alleged conspirators are employed by the same entity.  Last, Defendants argue

Plaintiff's § 1983 claims should be dismissed for failure to state a claim and on qualified immunity grounds. The Court is of the opinion that summary judgment should be granted in favor of Defendants, and that Plaintiff's remaining claims should be dismissed.

## II. ANALYSIS

### A. *Summary Judgment Standard*

Under Federal Rule of Civil Procedure 56, a motion for summary judgment should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). "An issue is material if its resolution could affect the outcome of the action." *Commerce and Indus. Ins. Co. v. Grinell Corp.*, 280 F.3d 566, 570 (5th Cir. 2002). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, courts must view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986). Furthermore, courts "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

"[T]he nonmovant must respond to the motion for summary judgment by setting forth particular facts indicating that there is a genuine issue for trial." *Caboni v. Gen. Motors Corp.*, 278 F.3d 448, 451 (5th Cir. 2002). The nonmovant may not rely on mere allegations in the pleadings. *Id*. Unsupported allegations or affidavit or deposition testimony setting forth ultimate or conclusory facts and conclusions of law are insufficient to defeat a proper motion for summary judgment. *Duffy*

4

*v. Leading Edge Prods., Inc.,* 44 F.3d 308, 312 (5th Cir. 1995).  Rather, the nonmoving party must set forth specific facts showing the existence of a "genuine" issue concerning every essential component of its case.  *Lusk v. Foxmeyer Health Corp.*, 129 F.3d 773, 777 (5th Cir. 1997).  The standard of review "is not merely whether there is a sufficient factual dispute to permit the case to go forward, but whether a rational trier of fact could find for the non-moving party based upon the record before the court."  *James v. Sadler*, 909 F.2d 834, 837 (5th Cir. 1990) (citing *Matsushita Elec. Indus. Co.*, 475 U.S. at 587).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."  *Anderson*, 477 U.S. at 248.  Disputed fact issues that are "irrelevant and unnecessary" will not be considered by the Court.  *Id.*  If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

### B.  Plaintiff's Motion for Additional Discovery

In Plaintiff Janet Washburn's Motion to Deny or Abate Adjudication of the Defendants' Current Motion for Summary Judgment and for Leave of this Court to Allow Plaintiff to Conduct Discovery Prior to Any Adjudication of Defendants' Motion for Summary Judgment ("Motion for Discovery") and in her response to Defendants' Motion for Summary Judgment, Plaintiff argues the Court should refrain from ruling on Defendants' Motion for Summary Judgment and permit additional time for discovery pursuant to Federal Rule of Civil Procedure 56(f).  According to Plaintiff, discovery is necessary in order to prove the elements of her remaining causes of action and without additional discovery she cannot properly respond to Defendants' Motion for Summary Judgment.  In response, Defendants contend that the issues addressed on summary judgment are legal rather than

5

factual and that Plaintiff failed to adequately identify the specific discovery required to respond to Defendants' Motion for Summary Judgment.

Rule 56(f) provides that if a party opposing a motion for summary judgment "shows by affidavit that, for specified reasons, it cannot present facts essential to justify its position, the court may: (1) deny the Motion; (2) order a continuance . . . ; or (3) issue any other just order." FED. R. CIV. P. 56(f). A party opposing summary judgment under Rule 56(f) must demonstrate: (1) why additional discovery is needed and (2) how the additional discovery will likely create a genuine issue of material fact. *Brown v. Miss. Valley State Univ.*, 311 F.3d 328, 333 n.5 (5th Cir. 2002). Rule 56(f) motions are generally favored and should be liberally granted. *Id.* "Where the evidence that the non-moving party contends will create a genuine issue for trial is in the exclusive possession of the moving party, a continuance of a motion for summary judgment for purposes of discovery should be granted almost as a matter of course." *Id.* Nevertheless, district courts have considerable discretion in ruling on motions to suspend summary judgment pending discovery. *In re Segerstrom*, 247 F.3d 218, 228 n.9 (5th Cir. 2001). Importantly, a party seeking a Rule 56(f) continuance "must be able to demonstrate how postponement and additional discovery will allow him to defeat summary judgment; it is not enough to 'rely on vague assertions that discovery will produce needed, but unspecified, facts.'" *Stearns Airport Equip. Co., Inc. v. FMC Corp.*, 170 F.3d 518, 535 (5th Cir. 1999) (quoting *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir.1990)).

In the present case, Plaintiff has failed to identify the specific discovery she needs to adequately respond to the Defendants' Motion for Summary Judgment, and the affidavit of her counsel does no better. There is no satisfactory explanation in the record as to how additional discovery will enable Plaintiff to defeat summary judgment. With the exception of a single vague

reference to the "animus" requirement of Plaintiff's §§ 1983 and 1985 claims, no specific legal issue

or item of discovery is identified in the Motion for Discovery or accompanying affidavit.  Moreover,

the Court notes that Defendants' Original Answer and Affirmative Defenses was filed on August 6,

2007, and thus this case has been pending for nearly a year.  There is no indication that Plaintiff has

made any attempt to conduct discovery in that one year period.  The failure to  diligently pursue

discovery, combined with the failure of Plaintiff to identify why additional discovery is needed and

how additional discovery will likely create a genuine issue of material fact, is fatal to Plaintiff's

argument.  Accordingly, the Court recommends that Plaintiff's Motion for Discovery be denied.

### C.  Plaintiff's § 1985 Claims

A claim of conspiracy to deprive a plaintiff of his or her rights under § 1985(3) requires proof

of the following elements:

> (1) a conspiracy involving two or more persons; (2) for the purpose
> of depriving, directly or indirectly, a person or class of persons of the
> equal protection of the laws; and (3) an act in furtherance of the
> conspiracy; (4) which causes injury to a person or property, or a
> deprivation of any right or privilege of a citizen of the United States.

*Hilliard v. Ferguson*, 30 F.3d 649, 653-54 (5th Cir. 1994).  According to Defendants, Plaintiff's

§ 1985 claim fails as a matter of law because Plaintiff cannot satisfy the first element of her claim.

Specifically, Defendants contend Plaintiff's claim fails under the intracorporate conspiracy doctrine

because the alleged conspirators were employees of the same entity or organization.  The Court

agrees.  Under the intracorporate conspiracy doctrine, alleged concerted action by employees or

officials of the same entity or organization cannot constitute a conspiracy for purposes of § 1985.

*Hilliard*, 30 F.3d at 653; *Rice v. President & Fellows of Harvard Coll.*, 663 F.2d 336, 338 (1st Cir.

1981).  "[A] 'corporation cannot conspire with itself any more than a private individual can, and it

is the general rule that the acts of the agent are the acts of the corporation.'" *Id.* (quoting *Nelson Radio & Supply Co. v. Motorola, Inc.*, 200 F.2d 911, 914 (5th Cir. 1952)).  The intracorporate conspiracy doctrine applies not only to private corporations, but also governmental entities.  *See id.*; *Bankhead v. Ark. Dept. of Human Servs.*, 264 F. Supp. 2d 805, 827 (E.D. Ark. 2003) (holding that intracorporate conspiracy doctrine applied to employees of state agency).

Here, Plaintiff asserts in her Amended Complaint that Defendants Steve Goodson and Diane Smith were "acting as Plaintiff's immediate supervisors with and of the Defendant [TCEQ]" and that "[TCEQ], its officials, representatives, agents, or employees, and individual Defendants, pursued a policy or custom which caused Plaintiff to be subjected to a denial of rights guaranteed under the United States and Texas Constitution."  Plaintiff's Amended Complaint at ¶¶ 16, 61.  "[W]here all of the defendants are members of the same collective entity, the conspiracy does not involve two or more people."  *Reynosa v. Wood*, No. 97-40492, 1997 WL 811828, at * 2 (W.D. Tex. Dec. 18, 2007).  Because Plaintiff only alleges her conspiracy claim against a single collective entity, it must be dismissed.  *Hilliard*, 30 F.3d at 653.  Moreover, neither of the cases cited by Plaintiff preclude dismissal.  *See Griffen v. Breckenridge*, 403 U.S. 88, 101 (1971) (holding that § 1985(3) applies to private conspiracies); *Hill v. City of Houston*, 991 F. Supp. 847, 851 (S.D. Tex. 1998) (holding that for purposes of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the single entity doctrine should not be applied where a conspiracy is alleged against multiple departments of the City of Houston).  As previously noted, the doctrine applies to governmental entities.  *Hilliard*, 30 F.3d at 653.  In addition, in contrast to *Hill v. City of Houston*, the present case involves a single entity.  *See Hill*, 991 F. Supp. at 851.  Finally, Plaintiff's argument that she needs time for discovery is moot with respect to her § 1985 claim because she cannot prevail on her claim as a matter of law.

Accordingly, the Court recommends summary judgment be granted in favor of Defendants and that Plaintiff's § 1985 claims be dismissed.

### D.  Plaintiff's § 1983 Claims

In her § 1983 claim,  Plaintiff asserts Defendants violated her due process, equal protection, and free speech rights.  Defendants seek dismissal of Plaintiff's § 1983 claims, arguing Plaintiff failed to adequately plead the claims and that Defendants are entitled to qualified immunity.  In response to Defendants' arguments Plaintiff does not address the sufficiency of her pleadings, cites case law without analyzing the facts of the present case, refuses to address her speech claim in the absence of additional discovery, and submits an affidavit consisting of information that is mostly irrelevant to the issues before the Court.  The Court is of the opinion that Defendants Goodson and Smith are entitled to qualified immunity and Plaintiff's § 1983 claims should therefore be dismissed.

Qualified immunity shields governmental officials performing discretionary functions from individual liability for civil damages "insofar as their conduct does not violate clearly established rights of which a reasonable person would have known." *Johnston v. City of Houston*, 14 F.3d 1056, 1059 (5th Cir. 1994).  Courts apply a two-step analysis to determine whether a defendant is entitled to summary judgment on the basis of qualified immunity.  First, they determine whether the plaintiff has alleged a violation of a constitutional right.  *Tarver v. City of Edna*, 410 F.3d 745, 750 (5th Cir. 2005); *McClendon v. City of Columbia*, 305 F.3d 314, 322-23 (5th Cir. 2002); *Glenn v. City of Tyler*, 242 F.3d 307, 312 (5th Cir. 2001).  If not, the analysis ends there.  *Id.*  If a violation has been properly alleged, the next consideration is whether the defendant's actions were objectively reasonable in light of clearly established law at the time of the conduct in question.  *Connelly v. Tex. Dep't of Criminal Justice*, 484 F.3d 343, 346 (5th Cir. 2007).  To make this determination, the Court

9

applies an objective standard based on the viewpoint of a reasonable official in light of the information then available to the defendant and the law that was clearly established at the time of the defendant's actions. *Glenn*, 242 F.3d at 312; *Goodson v. City of Corpus Christi*, 202 F.3d 730, 736 (5th Cir. 2000); *see also Tarver*, 410 F.3d at 750 ("If officers of reasonable competence could disagree as to whether the plaintiff's rights were violated, the officer's qualified immunity remains intact."). The second prong of the analysis is better understood as two separate inquiries: whether the constitutional right allegedly violated was clearly established at the time of the incident; and, if so, whether the conduct of the defendant was objectively unreasonable in light of that law. *Tarver*, 410 F.3d at 750.

### 1.    *Due Process*

Plaintiff's first § 1983 claim is that she was demoted in violation of her due process rights. *See* Plaintiff's Amended Complaint at ¶ 7. Plaintiff's due process allegations are vague, conclusory, and difficult to decipher. Conclusory allegations are insufficient to overcome a qualified immunity summary judgment. *Michalik v. Hermann*, 422 F.3d 252, 262 (5th Cir. 2005). Here, it is unclear whether Plaintiff alleges a violation of her substantive or procedural due process rights, or both. Regardless, she must allege facts showing a property interest in her job and that she was deprived of that interest in order to state a claim. *See Schaper v. City of Huntsville*, 813 F.2d 709, 713 (5th Cir. 1997); *Moulton v. City of Beaumont*, 991 F.2d 227, 230 (5th Cir. 1993). A property interest for public employees may exist pursuant to statute, ordinance, local rule, or contract. *Bishop v. Wood*, 426 U.S. 341, 344 (1976). In the present case, Plaintiff has not claimed any property interest. Nor has she presented evidence to preclude summary judgment on qualified immunity grounds. Therefore, for purposes of the qualified immunity analysis, she has not alleged a due process

violation. Accordingly, the Court is of the opinion that Defendants are entitled to qualified immunity on Plaintiff's due process claim.

## 2. *Equal Protection*

An equal protection discrimination claim based on gender, requires a plaintiff plead and prove the following: (1) membership in a protected class; (2) qualification for the position; (3) an adverse employment decision; and (4) replacement with a person who is not a member of a protected class. *Southard v. Tex. Bd. of Criminal Justice*, 114 F.3d 539, 554 (5th Cir. 1997). Importantly, an equal protection claim under § 1983 requires a plaintiff prove intentional discrimination. *Castaneda v. Pickard*, 648 F.2d 989, 1000 (5th Cir. 1981). Proof of a mere disparate impact will not suffice. *Id.*

In the present case, Plaintiff alleges she was treated differently than two other male TCEQ employees based on her gender and disability. *See* Plaintiff's Amended Complaint at ¶¶ 45, 57. More specifically, she first contends a male employee who was also diagnosed with cancer was permitted to work from home. *See* Plaintiff Janet Washburn's Amended Summary Judgment Affidavit, attached to Plaintiff Janet Washburn's Supplement to Her Response in Opposition to Defendants' Motion for Summary Judgment, at ¶ 15. Plaintiff admits she was not privy to the "formality of the arrangement" and that the basis for her belief was that the male employee's secretary told her so. *Id.* Second, Plaintiff contends that another male employee was granted accommodations while dealing with health issues of his wife. *Id.* As noted by Defendants, Plaintiff's affidavit testimony regarding what someone else told her is inadmissible hearsay and will not be considered by the Court. Moreover, her subjective beliefs are not evidence. Left with the conclusory allegations that she was treated differently than two male employees, one of whom didn't suffer from health issues, Plaintiff has not

11

alleged an equal protection claim sufficient to overcome qualified immunity.  Allegations must be pleaded with factual detail and particularity.  *Anderson v. Pasadena Indep. Sch. Dist.*, 184 F.3d 439, 443 (5th Cir. 1999).  Accordingly, summary judgment should be granted on Plaintiff's equal protection claim.

### 3.      *Freedom of Speech*

Plaintiff's final § 1983 claim concerns her freedom of speech.  She contends she was retaliated against because she spoke out regarding alleged illegal activities to officials at TCEQ.  A First Amendment retaliation claim requires a plaintiff prove the following: (1) an adverse employment decision; (2) speech involving a matter of public concern; (3) outweighing of the government defendant's interest in promoting efficiency by the plaintiff's interest in speaking; and (4) the speech at issue must have motivated the defendant's conduct.  *Kinney v. Weaver*, 367 F.3d 337, 356 (5th Cir. 2004).  In addition, the plaintiff must identify the time, listener, and content of the alleged statements made by the plaintiff.  *Foley v. Univ. of Houston Sys.*, 355 F.3d 333, 342 (5th Cir. 2003) (requiring that plaintiffs be specific with respect to time, listener, form, and content of the alleged speech).  Moreover, a defendant can escape liability by showing that it would have taken the same action even in the absence of the protected conduct.  *Gerhart v. Hayes*, 217 F.3d 320, 321 (5th Cir. 2000).

Once again, Plaintiff's broad and conclusory allegations are insufficient to state a First Amendment retaliation claim.  She fails to identify the specific details of her statements.  Her Amended Complaint and affidavit do not identify the time, listener, form, or specific content of the alleged speech.  Absent content, context, and form, it is impossible to determine whether the speech involved matters of public concern.  *See Foley*, 355 F.3d at 342.  As noted by Defendants, Plaintiff

does not allege that Goodson and Smith were even aware of her alleged speech. In addition to the deficiency of Plaintiff's First Amendment retaliation pleading, she has also failed to offer any evidence that her speech involved a matter of public concern, that her interest in speaking outweighed the government's interest in promoting efficiency, or that her speech motivated the Defendants' conduct. The absence of sufficient factual allegations and evidence of the essential elements of her claim compels the conclusion that Plaintiff failed to allege a First Amendment retaliation claim.

Plaintiff's failure to allege constitutional violations requires Defendants Goodson and Smith be granted qualified immunity. Therefore, the Court recommends that Defendants Goodson and Smith be granted summary judgment on qualified immunity, and that Plaintiff's § 1983 claims be dismissed.

### E.  Americans with Disabilities Act and Rehabilitation Act

In order to prevail on an ADA claim, a plaintiff must prove the following: (1) a disability; (2) qualification for the job at issue; and (3) an adverse employment decision made because of the disability. *Turco v. Hoechst Celanese Corp.*, 101 F.3d 1090, 1092 (5th Cir. 1996). The elements of a claim under the Rehabilitation Act are the same, except the Rehabilitation Act also requires that the defendant receive federal financial assistance. *Wallace v. Social Sec. Admin.*, 108 F. Supp. 2d 716, 718 (S.D. Tex. 2000). "Disability" means "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(2); *Dupre v. Charter Behavioral Health Sys.*, 242 F.3d 610, 613 (5th Cir. 2001). A disability is an impairment that substantially limits a major life activity. *Dupre*, 242 F.3d at 614. "Merely having an impairment

13

does not make one disabled." *Toyota Motor Mfg., Ky., Inc. v. Williams*, 534 U.S. 184, 195 (2002). Instead, a plaintiff must "demonstrate that the impairment limits a major life activity." *Id*.

As an initial matter, Plaintiff did not respond to Defendants' arguments regarding her ADA and Rehabilitation Act claims. Because Plaintiff failed to address Defendants' arguments, she has waived the grounds upon which she could have responded. The failure to address an issue raised on summary judgment results in waiver. *Vaughner v. Pulito*, 804 F.2d 873, 877 (5th Cir. 1986) ("if a party fails to assert a legal reason why summary judgment should not be granted, that ground is waived and cannot be considered"). Accordingly, Defendants' Motion for Summary Judgment should be granted as to Plaintiff's ADA and Rehabilitation Act claims on this basis alone.

Summary judgment should also be granted on Plaintiff's ADA and Rehabilitation Act claims because Plaintiff is unable to establish she was disabled. In order to establish an impairment that substantially limits a major life activity, Plaintiff must have an impairment that prevents or severely limits her from doing "activities that are of central importance to most people's daily lives." *Toyota Motor Mfg., Ky., Inc.*, 534 U.S. at 198. Plaintiff contends her breast cancer diagnosis, treatment, and rehabilitation are impairments rendering her disabled for purposes of the ADA and Rehabilitation Act. *See* Plaintiff's Amended Complaint at ¶ 84. However, she does not specifically allege or provide any evidence that any major life activity was substantially limited. She only claims that she experienced fatigue as a result of her treatment. Plaintiff's Amended Complaint at ¶ 35. Plaintiff's allegation of fatigue and broad allegation that she was temporarily and permanently impaired by the diagnosis, treatment, and rehabilitation for her breast cancer, and that her activities were restricted, are insufficient to state a claim. No allegations or evidence that her fatigue substantially limited a major life activity has been identified by Plaintiff. Even construing her Amended Complaint in the light most

favorable to Plaintiff, and assuming Plaintiff contends the major life activity of working was impaired, the term "substantially limits" in the context of the major life activity of working means "significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities." 29 C.F.R. §1630.2(j).  Plaintiff has failed to raise a genuine issue of material fact as to whether her impairment limits her ability to work.  "An impairment without any evidence that it substantially limits a major life activity is insufficient to bring an employee within the protection of the ADA."  *Smith v. Tuesday Morning Corp.*, Civ. No. 3-06CV1046-R ECF, 2007 WL 2851107, at *4 (N.D. Tex. Oct. 2, 2007). "Whether an impairment is substantially limiting depends on '(1) the nature and severity of the impairment, (2) its duration or expected duration, and (3) its permanent or expected permanent or long-term impact.'"  *Id.*  These facts are uniquely in the possession of Plaintiff and her medical providers, but Plaintiff fails to offer any evidence of her alleged impairment.

A person may also be considered disabled if he or she has a record of a qualifying impairment, or if she is regarded by her employer as having an impairment.  29 U.S.C. § 705(20)(B).  "A record of impairment means that a person 'has a history of, or has been misclassified as having, a mental or physical impairment that substantially limits one or more major life activities.'"  *Adams v. Rice*, 484 F. Supp. 2d 15, 21 (D.D.C. 2007) (quoting 29 C.F.R. § 1630.2(k).  "An individual is 'regarded as' disabled if her employer 'mistakenly believes that [the] person has a physical impairment that substantially limits one or more major life activities' or 'mistakenly believes that an actual, nonlimiting impairment substantially limits one or more major life activities.'"  *Id.* (quoting *Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 489 (1999).  Once again, Plaintiff does not allege or provide any evidence that any major life activity was substantially limited and there is no evidence she falls within these

definitions. Therefore, because she does not fit within the disability definitions in 29 U.S.C. § 705(20)(B), her ADA and Rehabilitation Act claims must be dismissed. *See Ellison v. Software Spectrum, Inc.*, 85 F.3d 187, 189 (5th Cir. 1996) (upholding summary judgment that breast cancer was not a "disability" under all three ADA definitions).

### F. Evidentiary Objections

Having reviewed the evidentiary objections asserted by the parties, the Court is of the opinion that Defendants' objection to paragraph 15 of Plaintiff Janet Washburn's Amended Summary Judgment Affidavit should be sustained, and the remaining objections urged by the parties overruled.

## III.  RECOMMENDATION

Based on the above, the Magistrate Court **RECOMMENDS** that the District Court **GRANT** Defendants' Motion for Summary Judgment (Clerk's Doc. No. 45), and **DISMISS** Plaintiff's remaining claims **WITH PREJUDICE**. The Magistrate Court further **RECOMMENDS** that Plaintiff's Motion for Discovery (Clerk's Doc. No. 54) be **DENIED**. The Magistrate Court further **RECOMMENDS** that the parties' evidentiary objections be **OVERRULED**, with the exception of Defendants' objection to paragraph 15 of Plaintiff Janet Washburn's Amended Summary Judgment Affidavit, which should be sustained.

## IV.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 6th day of August, 2008.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE

17